Filed 9/15/22  P. v. Randall CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B317549 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. LA080403 |
| v. | |
| MICHAEL KEVIN RANDALL, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michael V. Jesic, Judge.  Reversed and remanded with instructions.

Olivia Meme, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Idan Ivri, Deputy Attorneys General, for Plaintiff and Respondent.

Michael Kevin Randall appeals from the trial court's order "elect[ing] to take no action on the recommendation" of the Secretary of the California Department of Corrections and Rehabilitation (CDCR) under former Penal Code section 1170, subdivision (d)(1) (section 1170(d)(1))[1] to recall Randall's sentence and resentence him in light of the amendments to sections 667, subdivision (a)(1) and 1385, effective January 1, 2019. The Attorney General agrees with Randall that we should remand the matter for reconsideration in light of newly-enacted section 1170.03.[2] Accordingly, we reverse the order declining to take action on the CDCR's recommendation and remand the case to the trial court for further proceedings.

## BACKGROUND

In 2015, the People charged Randall with four counts of first degree residential burglary, with an allegation that a person was present during the crimes. The People alleged the victim was 81 years old, and Randall had two prior strikes, in 1989 and 1996, also for burglary. Those two convictions qualified as five-year serious felony priors under section 667, subdivision (a)(1), as well.

According to the probation officer's report, the victim noticed food and money missing from his home. He installed a surveillance camera in his garage. (The victim frequently left the garage open when he was at home.) The surveillance footage

---

[1]     References to statutes are to the Penal Code.

[2]     Effective June 30, 2022, the Legislature passed Assembly Bill No. 200 (2021-2022 Reg. Sess.) which, among other things, renumbered section 1170.03 as section 1172.1, with no change to the text. (Stats. 2022, ch. 58, § 9.) For convenience, we refer to the former statute number throughout this opinion.

revealed Randall had come into the victim's home on "at least" four different occasions and left with food or money or both.

On September 22, 2015, Randall entered an open plea to the court based on the court's indicated sentence. (The prosecution's offer had been 30 years. Randall was almost 53 years old at the time.) The court's indicated sentence was 22 years, calculated as the upper term of six years, doubled because of one of the strikes, plus two five-year priors.

Randall then pleaded no contest to each of the four counts and admitted the "elder victim" enhancements as well as both strike priors. On January 11, 2016, the court imposed the indicated sentence on count 1. On counts 2, 3, and 4, the court sentenced Randall to the midterm of four years, to be served concurrently with count 1.

In February 2021 Randall filed a document entitled "Motion, Declaration, Exhibits seeking to strike all previously imposed sentence enhancements." Randall cited "Penal Code sections 667, (A) PC," "1170(d)1," and a number of other sections of the Penal Code. Randall also cited the "special directive" issued by the new district attorney in Los Angeles. Randall attached a number of items, including a July 2015 psychologist's report (prepared at the request of his trial court counsel), a transcript showing courses he'd taken while in custody, certificates of programs he'd attended, and a "laudatory chrono" as well as other "chronos" from corrections officials. On February 23, 2021, the trial court denied the motion.

On August 23, 2021, Randall filed a form pleading entitled "Motion for Modification of Sentence, Pursuant to Senate Bill No.'s 1393 & 1618." The record on appeal doesn't reflect a ruling on that motion.

3

On October 19, 2021, Kathleen Allison, Secretary of the CDCR, sent the trial court a letter "request[ing]" the court "resentence" Randall under section 1170(d)(1). Allison stated, "As of June 27, 2018, a court's power to resentence under this section expressly extends to judgments entered after a plea agreement, if in the interest of justice." Allison noted Randall's "earliest possible release date" was November 7, 2029.[3]

Allison stated that, while courts "were previously barred from striking" serious felony priors, "effective January 1, 2019, courts are now authorized to exercise their discretion to strike" those priors under section 667, subdivision (a)(1), "or to strike the punishment for the enhancement" under section 1385. Allison wrote, "In light of the court's newfound authority . . . , and after personally reviewing inmate Randall's commitment offense and in-prison conduct, I recommend that inmate Randall's sentence be recalled and that he be resentenced in accordance with PC section 1170, subdivision (d)(1)."

Allison attached a Cumulative Case Summary and Evaluation Report discussing the facts of Randall's crimes, his criminal and parole history, his conduct while in prison, and the courses he'd completed and certificates he'd received. Allison noted Randall had received visits from relatives and he has a daughter in Costa Mesa.

On November 3, 2021, the trial court sent Allison a letter. The court stated, "This defendant was sentenced pursuant to a case settlement, not a trial. The defendant was facing the

---

[3] A report Allison enclosed stated Randall's earliest possible release date was October 11, 2031. The record doesn't reflect which is correct.

possibility of a life sentence.  The matter has been considered and the court elects to take no action on the recommendation."

## DISCUSSION

Randall contends the trial court abused its discretion "because the court was unaware of the legal basis for its authority to resentence [him] despite his conviction having been obtained via a plea deal, and because the court failed altogether to consider the circumstances relevant to [his] case, which demonstrate his commitment to education and rehabilitation."

Former section 1170(d)(1) authorized a trial court, at any time upon the recommendation of the Secretary of the CDCR, to " 'recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence.' " (*People v. McMurray* (2022) 76 Cal.App.5th 1035, 1040 (*McMurray*).)  Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 719, §§ 1-7) (Assembly Bill 1540), which took effect January 1, 2022, moved the recall-and-resentencing provisions of former section 1170(d)(1) to a new section, 1170.03, and added a number of requirements to the process.  (Stats. 2021, ch. 719, § 3.1; *McMurray*, at pp. 1038, 1040.)  Among them are notice and appointment of counsel.  (§ 1170.03, subd. (b)(1).)  The new provision also requires a court to hold a hearing before denying resentencing.  (*Id*., subd. (a)(8).)  In addition, it requires the court to state its reasons on the record for granting or denying relief. (*Id*., subd. (a)(6).)

The new statute also provides, "There shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is

an unreasonable risk of danger to public safety, as defined in subdivision (c) of [s]ection 1170.18." (§ 1170.03, subd. (b)(2).) Section 1170.18, subdivision (c) defines " 'unreasonable risk of danger to public safety' " as "an unreasonable risk that the petitioner will commit a new violent felony within the meaning of clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of [s]ection 667," a so-called superstrike. (§ 1170.18, subd. (c).)[4]

In light of these legislative changes, the parties agree we should reverse the trial court's order and remand the case.[5] We accept the parties' agreement and do so.

---

[4] Those felonies include sexually violent offenses, certain sex crimes against children, certain homicide offenses, solicitation to commit murder, assault with a machine gun on a peace officer or firefighter, possession of a weapon of mass destruction, and any serious or violent offense punishable in California by life imprisonment or death. (§ 667, subd. (e)(2)(C)(iv).)

[5] The Attorney General contends "[t]he new procedures specified in section 1170.03 do not, as a formal matter, apply retroactively to rulings (such as the one in this case) that were made before January 1, 2022." *In re Estrada* (1965) 63 Cal.2d 740, the Attorney General says, applies only to nonfinal judgments. Section 1170.03, by contrast, "is itself a procedural mechanism to permit resentencing on a *final* judgment." Nevertheless, the Attorney General continues, judicial economy would be served by "applying the section 1170.03 procedures in this case," because, for example, the CDCR could "simply reinitiate[ ] its recall recommendation under the new law." (See also *McMurray*, *supra*, 76 Cal.App.5th at pp. 1041-1042 ["appropriate remedy is to reverse and remand the matter" so trial court can consider the CDCR's recommendation "under the new and clarified procedure and guidelines of section 1170.03"; accordingly, appellate court "need not address whether [it] also must reverse and remand" under *Estrada*].)

## DISPOSITION

We reverse the trial court's order "elect[ing] to take no action on the [CDCR's] recommendation." We remand the matter for the court to appoint counsel for Michael Kevin Randall and to conduct proceedings in accordance with newly-enacted Penal Code section 1170.03, exercising its discretion in light of the presumption the Legislature has added to the governing statute.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EGERTON, J.

We concur:

EDMON, P. J.

LAVIN, J.

7